### KELL v. CASTLEBURY.

(Circuit Court of Appeals, Fifth Circuit. November 25, 1919.)

#### No. 3439.

PARTNERSHIP ☞345—ACCOUNTING; FAILURE TO ORDER ITEMIZED STATEMENT OF PARTNERSHIP AFFAIRS.

Where, after dissolution of partnership and before suit was brought, two accountants selected by complainant made up a detailed itemized statement of partnership receipts during the period in which the relation existed, and the evidence supported a finding that such statement embraced every proper item of debit and credit, except those specifically dealt with by the decree, refusal of the court to make or have made a formal itemized statement of partnership receipts and disbursements was not prejudicial to complainant, where the decree charged against defendant all items properly chargeable against him, other than such as were embraced in the statement.

Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Suit by T. M. Kell against S. A. Castlebury. From a decree for defendant, complainant appeals. Affirmed.

The following is the decree appealed from:

"At the March term, A. D. 1918, of the District Court of the United States for the Northern District of Texas, at Ft. Worth, the above styled and numbered suit came on for hearing and was submitted to the court by the parties upon the pleadings and the proofs taken, and from said pleadings and proof the court finds that the defendant, S. A. Castlebury, in his management and conduct of the partnership property of Kell & Castlebury, dealt honestly with his partner, T. M. Kell, and fails to find that the said S. A. Castlebury appropriated to his own use any part of the crops raised upon the partnership property of Kell & Castlebury during the existence of the partnership, and fails to find that the defendant, S. A. Castlebury, has appropriated any of the cattle or proceeds thereof, which belong to said partnership, except such as he has herein accounted for, and the court finds that upon the settlement by the defendant S. A. Castlebury of all of the partnership debts of the said firm of Kell & Castlebury, which was composed of the complainant, T. M. Kell, and the defendant, S. A. Castlebury, the defendant, S. A. Castlebury, was indebted to said partnership in the sum of $277, proceeds of the cattle left after the payment of said partnership debts, and forty cattle of the value of $16 each, aggregating $640, which were the property of said partnership, and that the complainant, T. M. Kell, is indebted to the partnership in the sum of $140 for 400 bushels of oats belonging to the said partnership appropriated by him in the year 1904.

"The court fails to find that it was an agreement or understanding that upon the termination of the partnership of Kell & Castlebury, the complainant, T. M. Kell, should pay the costs of the improvements made upon his lands by the said partnership.

"It is therefore ordered, adjudged, and decreed by the court that the complainant, T. M. Kell, take nothing as against the plaintiff [defendant], S. A. Castlebury, on account of his claim against the said Castlebury for crops of wheat and oats, which he alleges were misappropriated by the said Castlebury, and that the complainant, T. M. Kell, take nothing as against the defendant, S. A. Castlebury, on account of cattle which the said Kell claimed were misappropriated by the said Castlebury during the continuation of said partnership.

"It is further ordered, adjudged, and decreed by the court that the defendant, S. A. Castlebury, take nothing against the complainant, T. M. Kell, for the cost and value of the improvements made upon the lands of the said complainant, by the said partnership, Kell & Castlebury.

"It is further ordered, adjudged, and decreed by the court that the defendant, S. A. Castlebury, pay into the registry of this court for the use of the complainant, T. M. Kell, on or before 20 days from this date the sum of $388.50, failing in which the clerk of this court is directed, upon the application of the said complainant, T. M. Kell, or his solicitors, to issue execution as at common law against the defendant, S. A. Castlebury, for the said sum of $388.50.

"It is further ordered, adjudged, and decreed by the court that each party hereto pay one-half of the costs incurred herein, that is to say, the complainant, T. M. Kell, pay one-half of the costs herein incurred within 20 days from this date, in default whereof, execution may issue as at common law against him, and that the defendant, S. A. Castlebury, within 20 days from the date hereof pay one-half costs herein incurred, in default of which execution shall issue as at common law against him."

U. F. Short, of Dallas, Tex. (Thomas R. Bond, of Terrell, Tex., on the brief), for appellant.

George E. Miller, of Ft. Worth, Tex. (Miller & Miller, of Ft. Worth, Tex., on the brief), for appellee.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

WALKER, Circuit Judge (after stating the facts as above). The appellant brought this suit for an accounting of the business of a partnership which existed between him and the appellee for a number of years, ending in 1908. The partnership business was a farming and cattle-raising one. Two tracts of land were made use of in the business—one of more than 2,000 acres belonging to the appellant, and the other of 1,600 acres, a half interest in which was owned by each of the partners. When the partnership operations started, part of the work stock, farming tools, and equipment, and cattle used in the cattle-raising branch of the business, belonged to the appellant, and part to the appellee, and the latter contributed his services; the conduct of the partnership business being in his sole charge, the appellant not being required to render any service. The partners were to share equally in profits and losses.

After the dissolution of the partnership, and before the suit was brought, two accountants selected by the appellant made up, from data furnished part by one partner and part by the other, an itemized statement of partnership receipts and disbursements covering the entire period during which the relation existed. The evidence adduced in the trial was such as to support a finding that that statement embraced every proper item of debit and credit, except those specifically dealt with in the decree appealed from. In this situation the appellant could not have been prejudiced by the failure of the court to make, or to have made under its orders, a formal itemized statement of partnership receipts and disbursements, disclosing what, if any, balance was owing by one partner to the other, if the court by the decree rendered charged against the appellee all items properly chargeable against him other than such as were embraced in the above-mentioned statement of partnership transactions, and adjudged the payment to the appellant of the amount of the balance to which he was entitled on a final settlement of the partnership transactions. Our examination of the record has led us to the conclusion that this was the result of the decree rendered. It has not been made to appear that as a result of a formal and proper statement of the partnership transactions, and a settlement in pursuance thereof, the appellant would receive more than the amount adjudged in his favor by the decree appealed from.

In our opinion, that decree is not properly subject to be reversed on any ground urged against it. It is affirmed.